# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ADRIEL WADLEY**                                                                  **PETITIONER**

**V.**                                                **CIVIL ACTION NO.: 4:16CV217-GHD-DAS**

**EARNEST LEE**                                                 **RESPONDENT**

## ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Petitioner Adriel Wadley ("Wadley"), Mississippi inmate number 176816, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the denial of his release on parole.

Wadley, housed at the Mississippi State Penitentiary during the times relevant to this action, maintains that in January 2013, he was given a time sheet indicating that he would be eligible for parole on December 11, 2014. In August 2014, however, he claims that he was given another time sheet advising him that he no longer had any expectation for release on parole. In his federal habeas petition, Wadley asserts that he had a reasonable expectation in his eligibility for release on December 11, 2014, and that he was denied eligibility based on a misapprehension of his statute of conviction. He asks the Court to order his parole.

According to the information available on the Mississippi Department of Corrections' public website, Wadley has been released on parole. *See, e.g.*, http://www.mdoc.state.ms.us/ (follow "Parolee Search" link; search MDOC ID number "176816"[1]) (last visited November 3,

---

[1] Wadley's first name is listed as "Adreal" on the website.

2016). Therefore, it appears that Wadley's request for relief is moot.[2]

However, even if Wadley's claim is not moot, he cannot obtain relief in this action, as federal habeas relief is available on the ground that an individual is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a) (governing petitions of inmates challenging custody based on state-court judgment) (quotation marks omitted). Therefore, an individual cannot maintain a federal habeas action unless he alleges the deprivation of some right secured to him by federal law. There is no right to parole recognized under federal law. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Additionally, both the Mississippi Supreme Court and the Fifth Circuit have held that Mississippi's permissive parole statutes do not create a liberty interest that will support a habeas action for failure to parole. *See Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983) (holding that the Mississippi parole law provides only "a mere hope that the benefit will be obtained"); *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir.1987) (noting Mississippi's parole statute "creates no due process entitlement"); *Irving v. Thigpen*, 732 F.2d 1215, 1217–1218 (5th Cir.1984)( holding "the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach"); *see also* Miss. Code Ann. § 47-7-1, *et seq*. Therefore, because Mississippi statutes provide no "legitimate claim of entitlement" to

---

[2] Wadley's petition bears a signature date of October 2, 2016, but the petition was not mailed until November 1, 2016. *See* doc. #1 at 10-11. The petition was mailed to the Court through a third party, which presumably accounts for the delay between Wadley's signature date and the Court's receipt of the petition on November 3, 2016. *See id.* at 11.

parole, but rather, merely the hope of it, Wadley cannot sustain a federal habeas action based on the denial of parole. *See Greenholtz*, 442 U.S. at 7.

Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this the 2nd day of November, 2016.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE